IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV 13 A 10: 28
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| MELLONESE BRASCOMB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action Number: CV-_____ |
| ) | |
| AMERICAN BANKERS INSURANCE ) | 2:06 CV 1015 - MEF |
| COMPANY OF FLORIDA, et al., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant American Bankers Insurance Company of Florida ("American Bankers") files this Notice of Removal of this action from the Circuit Court of Pike County, Alabama, where it is now pending as CV-06H-257, to the United States District Court for the Middle District of Alabama, Northern Division, and shows unto the Court as follows[1]:

1. This action was commenced on or about October 5, 2006, by the filing of the Summons and Complaint in the Circuit Court of Pike County, Alabama.

2. Based upon information and belief, plaintiff Mellonese Brascomb ("Plaintiff") is now, and was at the time of the filing of the Complaint and all times intervening, a resident citizen of the State of Alabama. See Complaint ¶ 1.

---

[1] Defendants file this Notice of Removal without waiving any and all applicable defenses, including their right to compel arbitration.

3. Defendant American Bankers is now, was at the time of the filing of the Complaint and at all times intervening, a company organized and existing under the laws of the State of Florida, with its principal place of business in the State of Florida.

4. Defendant American Bankers was served on or about October 11, 2006 with a copy of the Summons and Complaint, which was the first notice to American Bankers of the filing of the Summons and Complaint. Accordingly, this Notice of Removal is timely filed, pursuant to 28 U.S.C. § 1446 (b).

5. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, the diversity jurisdiction statute. Complete diversity of citizenship exists between all proper parties to this action.

6. Plaintiff's Complaint does not specify the precise claims she is making against American Bankers. However, based on the Complaint, American Bankers assumes that plaintiff may be alleging claims of breach of contract, bad faith, negligence and/or wantonness in connection with an insurance policy issued to her by American Bankers. See generally Complaint. Plaintiff's Complaint does not specifically state that she is seeking punitive damages, however, it can be assumed that the plaintiff is seeking extra contractual damages as plaintiff seeks to recover damages for mental anguish and emotional distress. See Complaint ¶ 7. Plaintiff's Complaint does not place any limitation on the amount of damages sought from American Bankers. Thus, it appears that this is an action for which Plaintiff seeks unlimited damages, including compensatory and punitive damages, including recovery for alleged damage to her mobile home, its contents, mental anguish damages, and court or arbitration costs. See id.

7. Based upon plaintiff's Complaint and given the prior exemplary damages awards rendered in bad faith cases in Alabama, a potential damages award in this action could easily

exceed $75,000. A potential award of punitive damages against a defendant is included in determining the amount in controversy if such punitive damages are recoverable under governing law. See, e.g., Bell v. Preferred Life Assurance Soc. Of Montgomery, Ala., 320 U.S. 238, 240 (1943); Holley Equip. Co. v. Credit Alliance Corp., 821 F. 2d 1531, 1535 (11th Cir. 1987); see also Lowe's Ok'd Used Cards, Inc. v. Acceptance Ins. Co., 995 F. Supp. 1388 (M.D. Ala. 1998). While the plaintiff's Complaint is vague to the point that it is impossible to precisely define the legal claims, the facts alleged do typically give rise to the types of claims litigated in the above-referenced cases. Accordingly, based upon other awards in Alabama courts in actions with similar potential allegations, the amount in controversy could exceed $75,000 exclusive of interest and costs, especially considering the plaintiff's allegations that she is entitled to damages for mental anguish and emotional distress. Indeed, the amount in controversy is further confirmed by Plaintiff's own refusal to stipulate to an amount in controversy that would allow this action to be maintained in state court.

8.  This action is being removed to the United States District for the district and division embracing the place where this action is pending.

9.  A copy of this Notice is being served on plaintiff and filed with the Clerk of the Circuit Court of Pike County, Alabama, as provided by law.

10.  A copy of all the process and pleadings served upon Defendant in this cause is attached hereto as **Exhibit A**, pursuant to 28 U.S.C. § 1446(a).

**WHEREFORE**, Defendant American Bankers Insurance Company of Florida prays that this Court will consider this Notice of Removal as provided by law governing the removal of cases to this Court; that this Court will make the proper orders to effect the removal

of this cause from said Circuit Court of Pike County, Alabama, to this Court; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in said Circuit Court.

_____
One of the Attorneys for American Bankers
Insurance Company of Florida

OF COUNSEL:
Michael L. Bell (BEL007)
S. Andrew Kelly (KEL051)
Brandy R. Owens (OWE033)
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203
(205) 581-0700
(205) 581-0799 (facsimile)

## CERTIFICATE OF SERVICE

This is to certify that on this 10th day of <u>November</u>, 2006, a true and correct copy of the foregoing was served on counsel of record by depositing a copy of same in the United States Mail, postage prepaid, properly addressed to

Samuel L Adams, Esq.
Post Office Box 1690
Dothan, Alabama 36302

Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, Alabama 36302

_____
Of Counsel

IN THE CIRCUIT COURT OF PIKE COUNTY, ALABAMA

MELLONESE BRASCOMB, )
)
PLAINTIFF, )
) CIVIL ACTION NO. CV06H-257
VS. )
)
American Bankers Insurance Company of )
Florida; and Fictitious Party Defendant A, )
whether singular or plural, being those )
individuals and/or that entity or those )
entities, whether a partnership, corporation, )
limited liability corporation, insurance )
company or other legal entity, who or which )
insured the Plaintiff's 1998 Buccaneer )
mobile home for loss on March 26, 2005, )
including whether singular or plural the )
predecessor or successor organization of )
any of the above and heretofore referenced )
fictitious Party Defendants. Plaintiff avers )
that the identities of the fictitious Party )
Defendants is otherwise unknown to the )
Plaintiff at this time or, if their names are )
known to the Plaintiff at this time, their )
Identity as proper Party Defendants is not )
Known to the Plaintiff at this time; but their )
true names will be substituted by )
amendment to the Complaint when the )
aforesaid lacking knowledge is ascertained. )
)
DEFENDANTS. )

## COMPLAINT

**COMES NOW** the Plaintiff in the above styled cause, Mellonese Brascomb, and as basis

for the relief hereinafter demanded, says as follows;

to-whit:

**EXHIBIT A**

## PARTIES

1. Plaintiff, Mellonese Brascomb, is an individual and at all times relevant to the allegations made in this Complaint, being a citizen and resident of the State of Alabama and is of legal age.

2. Defendant, *American Bankers Insurance Company of Florida* is an insurance corporation having its principal place of business at 11222 Quail Roost Drive, Miami, Florida 33157-6596. At all times relevant to the allegations made is this Complaint said Defendant insured the Plaintiff's 1998 Buccaneer mobile home.

3. The Defendant, fictitious Party Defendant A, whether singular or plural, are those individuals and/or that entity or those entities, whether a partnership, corporation, limited liability corporation, insurance company or other legal entity, who or which insured the Plaintiff's 1998 Buccaneer mobile home for loss on March 26, 2005, including whether singular or plural the predecessor or successor organization of any of the above and heretofore referenced fictitious Party Defendants. Plaintiff avers that the identities of the fictitious Party Defendants is otherwise unknown to the Plaintiff at this time or, if their names are known to the Plaintiff at this time, their identity as proper Party Defendants is not known to the Plaintiff at this time; but their true names will be substituted by amendment to the Complaint when the aforesaid lacking knowledge is ascertained.

## COUNT 1

4. On or about the 26th day of March, 2005, Defendants, *American Bankers Insurance Company of Florida* and fictitious Party Defendant A insured the Plaintiff's 1998 Buccaneer mobile home located at 1081 County Road 4408, Brundidge, Pike County, Alabama against loss or injury by storm, wind or tornado and other perils in a policy of insurance; **POLICY NUMBER GM7830793603**. Said policy of insurance was in full force and effect on March 26, 2005.

5. On and prior to March 26, 2005, the Plaintiff, Mellonese Brascomb, had

purchased for valuable consideration the above referenced insurance policy from the Defendants for the 1998 Buccaneer mobile home located at 1081 County Road 4408, Brundidge, Pike County, Alabama. Said policy of insurance bearing policy number GM7830793603, provided insurance coverage for Plaintiff's dwelling. Pursuant to the terms and conditions of said policy of insurance, Plaintiff, Mellonese Brascomb, paid the premiums required to keep said policy in full force and effect.

6. On March 26, 2005, the 1998 Buccaneer mobile home insured by the policy issued to the Plaintiff by the Defendants was severely damaged by storm, wind, tornado and/or other insured perils of which the Defendants have had notice.

7. As a proximate result of the foregoing, the Plaintiff suffered severe damage to her insured property [1998 Buccaneer mobile home], a reduction in value, and suffers and continues to suffer mental anguish and emotional distress.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally, including fictitious Party Defendants in a sum to be determined by a jury which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, plus costs.

Samuel L. Adams ADA017
Attorney for Plaintiff
P.O. Box 1690
Dothan, Alabama 36302
(334) 792-0965
(334) 794-6889 (FAX)

**OF COUNSEL:**
Rufus R. Smith, Jr., Esq.
Rufus R. Smith, Jr. & Associates
Post Office Drawer 6629
Dothan, AL 36302



### JURY DEMAND

Pursuant to the *Alabama Rules of Civil Procedure*, Plaintiff demands a trial by jury.

Samuel L. Adams

### Request for Certified Mail Service by Clerk

Plaintiff hereby requests service by Certified Mail pursuant to Rule 4(c) of the *Alabama Rules of Civil Procedure*.

Samuel L. Adams

### Please serve Defendants via Certified Mail with return receipt requested at:

American Bankers Insurance Company of Florida
11222 Quail Roost Drive
Miami, Florida 33157-6596



...
